\* FILED \*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
2012 SEP 25 PM 6: 36

CLERK COURT
U.S. DISTRICT
E.D.N.Y.
AFTER HOURS DROP BOX

**CV 12 4806**

GARAUFIS, J.

-----------------------------------------------------------------X

DYNASTY CARTAGENA and VERNEST PAGE,

**COMPLAINT**

Plaintiffs,

Docket No.

-against-

Jury Trial Demanded

CITY OF NEW YORK, DOMINICK CAMINITI, MICHAEL
PIAZZA, and JOHN and JANE DOE 1 through10, Individually,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

Defendants.

-----------------------------------------------------------------X

Plaintiffs DYNASTY CARTAGENA and VERNEST PAGE, by their attorneys,

Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff DYNASTY CARTAGENA is a twenty-five year old African American man who resides in Staten Island, New York.

7.      Plaintiff VERNEST PAGE is a thirty-two year old African American man who resides in Staten Island, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants, DOMINICK CAMINITI, MICHAEL PIAZZA, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. Further at all times hereinafter mentioned, PIAZZA held the rank of Sergeant, and had supervisory authority over defendant CAMINITI and other officers involved in the incident.

11.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.    On September 29, 2009, at approximately 2:00 p.m., plaintiffs DYNASTY CARTAGENA and VERNEST PAGE were lawfully present at 143 Hendricks Avenue, Staten Island, New York.

14.    At that time and place, the defendant officers without cause or justification grabbed plaintiffs, threw them to the ground and placed handcuffs on their wrists.

15.    The defendant officers imprisoned plaintiffs inside a police vehicle and transported plaintiffs to the 120th Precinct stationhouse and imprisoned them therein.

16.    While imprisoned inside the stationhouse, defendant officers subjected plaintiffs to a humiliating and unlawful strip search. The defendants ordered plaintiffs to remove all their clothing, squat, and cough.

17.    Thereafter, the defendants imprisoned plaintiffs until releasing plaintiffs without filing any charges against them.

18.    Defendant PIAZZA supervised the other defendant officers and approved of, oversaw, and otherwise presided over and authorized the strip search and arrest of plaintiffs.

19.    All of the above occurred while defendants CAMINITI, PIAZZA, and JOHN and JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

20.    All of the above occurred as a direct result of the unconstitutional policies,

3

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, due to discrimination against plaintiffs due to their race and/or nationality, and based on a custom or practice of falsification.

21.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding what constitutes probable cause to arrest individuals, and when to strip search individuals.

22.     Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

23.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24.     As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

4

25. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiffs DYNASTY CARTAGENA and VERNEST PAGE, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**

(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants arrested plaintiffs DYNASTY CARTAGENA and VERNEST PAGE, without probable cause, causing them to be detained against their will for an extended period of time and subjected them to physical restraints.

34.     Defendants caused plaintiffs DYNASTY CARTAGENA and VERNEST PAGE, to be falsely arrested and unlawfully imprisoned.

35.     As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

36.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants strip searched plaintiffs DYNASTY CARTAGENA and VERNEST PAGE in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time they were searched.

38.     Defendants thereby caused plaintiffs DYNASTY CARTAGENA and VERNEST PAGE to be deprived of their right to be free from unlawful strip searches.

39.     As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE are entitled to compensatory damages in an amount to be fixed by a jury, and are further

6

entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

40.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants had an affirmative duty to intervene on behalf of plaintiffs DYNASTY CARTAGENA and VERNEST PAGE whose constitutional rights were being violated in their presence by other officers.

42.     The defendants failed to intervene to prevent the unlawful conduct described herein.

43.     As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE were subjected to false arrest, illegal strip search, and their liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

44.     As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

45.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

7

46.     The defendants falsely arrested and illegally strip searched plaintiffs DYNASTY CARTAGENA and VERNEST PAGE because of the plaintiffs' race and/or national origin, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

47.     As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE, were deprived of their rights under the Equal Protection Clause of the United States Constitution.

48.     As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

49.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

51.     As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

52.     As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE are entitled to compensatory damages in an amount to be fixed by a jury, and are further

entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

53.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.    The supervisory defendants, including PIAZZA, personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

55.    As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

56.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, arresting individuals without probable cause, illegally strip searching individuals in the absence of reasonable

9

individualized suspicion that the individual was in possession of weapons or contraband at the time of the search, engaging in falsification, and making excessive unnecessary arrests for collateral objectives outside the ends of justice, including, without limitation, for overtime compensation. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs DYNASTY CARTAGENA'S and VERNEST PAGE'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs DYNASTY CARTAGENA and VERNEST PAGE.

60. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs DYNASTY CARTAGENA and VERNEST PAGE, as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs DYNASTY CARTAGENA and VERNEST PAGE, as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE were unlawfully seized, detained, imprisoned incarcerated, and searched.

63.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs DYNASTY CARTAGENA and VERNEST PAGE'S constitutional rights.

64.    All of the foregoing acts by the defendants deprived plaintiffs DYNASTY CARTAGENA and VERNEST PAGE, of federally protected rights, including, but not limited to, the right:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from seizure and arrest not based upon probable cause;

        C.    To be free from false imprisonment/arrest;

        D.    To be free from unlawful strip searches;

        E.    To be free from the failure to intervene; and

        F.    To receive equal protection under law;

65.    As a result of the foregoing, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs DYNASTY CARTAGENA and VERNEST PAGE demand

judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined

by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 24, 2012

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:

BRETT H. KLEIN (BK4744)

Attorneys for Plaintiffs DYNASTY CARTAGENA
and VERNEST PAGE

12